Michael S. Agruss
SBN: 259567
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave.,
Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
MARIA REBECCA JARDIN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

MARIA REBECCA JARDIN,

      Plaintiff,

  v.

NATIONSTAR MORTGAGE, LLC,

      Defendant.

**Case No.:** 2:17-cv-51

**PLAINTIFF'S COMPLAINT**

## PLAINTIFF'S COMPLAINT

Plaintiff, MARIA REBECCA JARDIN ("Plaintiff"), through her attorney, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NATIONSTAR MORTGAGE, LLC ("Defendant"):

### INTRODUCTION

1. Count I of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 et seq. ("RFDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. §1692k

4. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a consumer as that term is defined by the RFDCPA

8. Plaintiff allegedly owes a debt as that term is defined by the RFDCPA

9. Defendant is a debt collector as that term is defined by the RFDCPA.

10. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a limited liability company based in Lewisville, Texas.

12. Defendant is a business entity engaged in the collection of debt within the State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

18. In or around June, 2016, Defendant began placing collection calls to Plaintiff's cellular telephone, ending in 9971, in an attempt to collect the alleged debt.

19. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

20. None of the calls Defendant made to Plaintiff were for an emergency purpose.

21. Defendant called Plaintiff from 877-698-9400, 866-834-8021, 480-467-0835, 866-697-9063, which are four (4) of Defendant's telephone numbers.

22. Defendant calls at an annoying and harassing rate.

23. On or around July 25, 2016, Plaintiff spoke with one of Defendant's agents, Sara, and Sara and Plaintiff agreed to a payment plan for Plaintiff.

24. Despite Plaintiff making her first payment on time in August 2016, Defendant continued to call and harass Plaintiff for her payment.

25. In or around August, 2016, Plaintiff requested Defendant stop calling Plaintiff's cellular telephone.

26. Despite Plaintiff's request, Defendant continued to place collection calls to Plaintiff's cellular telephone.

27. On or around September, 8, 2016, Plaintiff spoke with one of Defendant's agents, Kenneth, and again requested that Defendant stop calling Plaintiff's cellular telephone.

28. Despite Plaintiff's multiple requests, Defendant continued to place collection calls to Plaintiff's

cellular telephone.

29. Specifically, but not limited to, Defendant called Plaintiff on the following dates and times:

   a. September 26, 2016, at 6:09 p.m.

   b. September 29, 2016, at 10:15 a.m. and 5:50 p.m.

   c. October 6, 2016, at 5:59 p.m.

   d. October 7, 2016, at 9:50 a.m.

   e. October 8, 2016, at 2:59 p.m.

   f. October 11, 2016, at 12:22 p.m.

   g. October 12, 2016, at 6:19 p.m.

   h. October 15, 2016, at 9:50 a.m.

   i. October 19, 2016, at 1:36 p.m.

30. On or about October 14, 2016, Agruss Law Firm, LLC, mailed a cease and desist letter to Defendant on behalf of Plaintiff.

31. Despite receiving this written request, Defendant continued to place collection calls to Plaintiff's cellular telephone.

32. Specifically, but not limited to, Defendant called Plaintiff on the following dates and times:

   a. October 22, 2016, at 9:47 a.m.

   b. October 27, 2016, at 10:37 a.m.

   c. October 29, 2016, at 12:28 p.m.

   d. November 3, 2016, at 9:48 a.m.

   e. November 4, 2016, at 9:25 a.m.

   f. November 7, 2016, at 5:49 p.m.

   g. November 8, 2016, at 12:46 p.m.

4

   h. November 9, 2016, at 1:02 p.m. and 5:44 p.m.

33. On more than one occasion, Defendant left automated voicemail messages on Plaintiff's cellular telephone.

34. On several occasions, Plaintiff has answered calls from Defendant and been greeted by an automated message.

35. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

36. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

37. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

38. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

39. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

40. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

41. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

42. Within 4 years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

43. Within 4 years of Plaintiff filing this Complaint, Defendant left voicemail messages from live operators for Plaintiff on Plaintiff's cellular telephone.

44. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

45. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

46. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

47. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

48. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

49. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

50. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

51. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

52. Defendant violated the RFDCPA based on the following:

    a. Defendant violated the §1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant repeatedly called Plaintiff after Plaintiff requested Defendant stop calling her and after Plaintiff's attorney sent a written cease and desist letter to Defendant; and

    b. Defendant violated the §1788.11(e) of the RFDCPA by communicating, by

6

telephone, with the debtor with such frequency as to be unreasonable and to constitute as harassment to the debtor under the circumstances, when Defendant repeatedly called Plaintiff after Plaintiff requested Defendant stop calling her and after Plaintiff's attorney sent a written cease and desist letter to Defendant.

WHEREFORE, Plaintiff, MARIA REBECCA JARDIN, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC, for the following:

53. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b),

54. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c), and

55. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

56. Plaintiff repeats and re-alleges paragraphs 1-51 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

57. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, MARIA REBECCA JARDIN, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE, LLC, for the following:

58. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

7

59. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

60. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

61. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: January 4, 2017                AGRUSS LAW FIRM, LLC

By: /s/ Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    MARIA REBECCA JARDIN